THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM BALLARD, Also Known as LAWRENCE UPCHURCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered September 8, 1986, convicting him of grand larceny in the second degree (three counts), grand larceny in the third degree (two counts), and fortune telling (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial is both legally and factually sufficient to sustain the jury's verdict. The evidence established that on the occasions specified in the indictment the defendant "for a fee * * * which he directly or indirectly solicit[ed] * * * [held] himself out as being able, by claimed or pretended use of occult powers, to * * * influence or affect evil spirits or curses" (Penal Law § 165.35). The defendant's misconduct is an example of "a prevalent species of fraud whereby its practitioners, professing occult powers of prognostication, annually bilk a gullible public of many millions of dollars" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 165.35 [1975 ed], at 240). The defendant's actions in this case also constituted the crime

of larceny *(see,* Penal Law §§ 155.35, 155.30 [1]; § 155.05 [2] [d]), since the evidence established to a "moral certainty" that the defendant never intended to, and indeed, recognized that he could not possibly fulfill the promises he made to his victims (Penal Law § 155.05 [2] [d]).

The defendant argues that the application of these criminal statutes to him infringes upon his constitutional right to freely practice his religion (US Const 1st, 14th Amends; NY Const, art I, § 3). However, as we noted above, the jury properly rejected the view that the defendant's repeated promises to his victims to the effect that he could influence evil spirits were sincere, and instead found that the defendant's promises were deliberate lies, made with fraudulent intent. Such conduct is not protected by the Free Exercise Clause of the Federal Constitution (US Const 1st Amend), or the similar clause in our State Constitution (NY Const, art I, § 3). "It is the duty of every Court to guard jealously the great right and privilege of free exercise and enjoyment of religious profession and worship without discrimination or preference, with all the power that the Court possesses, but no person should be permitted to use that right as a cloak for acts of licentiousness or as a justification of practices inconsistent with the peace or safety of the state" *(People v Brossard,* 33 NYS2d 369, 372; *see also, People v Ashley,* 184 App Div 520 [upholding constitutionality of former fortune telling statute]).

We have examined the defendant's remaining contentions, to the extent that they are properly preserved for appellate review as a matter of law (CPL 470.05 [2]), and find them to be without merit. Review of those arguments which were not properly preserved is not warranted in the interest of justice. The judgment under review is accordingly affirmed. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.