■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE CHARLES EDWARDS, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly found that the photo array was not impermissibly suggestive *(cf., People v Hall,* 81 AD2d 644; *People v Tindal,* 69 AD2d 58). In any event, there was an independent basis for the victim's in-court identification *(see, People v Perez,* 74 NY2d 637). Defendant's remaining arguments on appeal are unpreserved and we decline to reach them in the interest of justice. (Appeal from Judgment of Ontario County Court, Reed, J.—Rape, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Boehm and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERICK PETERS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in admitting into evidence the affidavit of regularity and proof of mailing by an employee of the New York State Department of Motor Vehicles responsible for the issuance of suspension and revocation orders, because it was hearsay and violated his constitutional right of confrontation. That affidavit was properly admitted into evidence pursuant to Vehicle and Traffic Law § 214, and its admission did not violate defendant's constitutional right of confrontation *(see, People v Kollore,* 151 Misc 2d 384, 386-387).

Defendant further contends that County Court erred in refusing his request to charge driving without a license (Vehicle and Traffic Law § 509 [1]) as a lesser included offense of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]). Because there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense, but not the greater, County Court properly denied defendant's request *(see generally, People v Glover,* 57 NY2d 61, 64; *People v Green,* 56 NY2d 427). (Appeal from Judgment of Ontario County Court, Harvey, J.—Driving While Ability Impaired.) Present—Callahan, J. P., Pine, Lawton, Boehm and Davis, JJ.