■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN VAN NORSTRAND, Appellant. [604 NYS2d 386] —Judgment affirmed. Memorandum: Defendant was convicted of assault in the first degree as the result of injuries he caused to his four-month-old son. The trial court did not err by denying defendant's request to submit to the jury the lesser included offense of assault in the third degree. Viewing the evidence in the light most favorable to defendant, we conclude that there is no reasonable view of the evidence to support a finding that defendant acted recklessly and not with depraved indifference to human life *(see, People v Randolph,* 81 NY2d 868, 869; *People v Glover,* 57 NY2d 61, 63). Defendant admitted that he shook the infant "pretty hard", squeezing the infant's ribs with what defendant described as "naturally strong" hands. Defendant then struck the infant's face against a couch. The infant was comatose when he was taken to the hospital and was placed upon a respirator. The infant sustained permanent visual and brain damage as the result of severe swelling and hemorrhaging of the brain. Medical evidence proved that the injuries were life-threatening and that a very severe amount of force was necessary to inflict the injuries. The evidence demonstrates that defendant's conduct evinced a depraved indifference to human life, and a finding that he acted only recklessly would not be reasonable *(see, People v Nix,* 173 AD2d 285, *lv denied* 78 NY2d 971). We further conclude that the evidence is sufficient to support the conviction *(see, People v Bleakley,* 69 NY2d 490).

We decline to modify defendant's sentence in the interest of justice. We have examined the remaining issues raised by defendant and find them to be unpreserved and we decline to reach them in the interest of justice.

All concur except Pine and Fallon, JJ., who dissent and vote to reverse in the following Memorandum.

Pine and Fallon, JJ. (dissenting). We respectfully dissent, and would reverse the judgment and grant a new trial. While we agree with the majority that the evidence is legally sufficient to support the verdict, we disagree with the majority's view that the court properly denied defendant's request to charge assault in the third degree as a lesser included offense of assault in the first degree. We conclude that the court should have granted that request because both prongs of the *Glover* test *(People v Glover,* 57 NY2d 61, 63) were satisfied. With respect to the first prong, third degree assault (Penal Law § 120.00 [2]) is a lesser included offense of first degree assault (Penal Law § 120.10 [3]) because it is impossible to commit the former without by the same conduct committing the latter *(see, People v Galvin,* 104 AD2d 527, 528-529, *mod on other grounds* 65 NY2d 761). With respect to the second prong, we find that, if the jury had credited defendant's statement concerning his state of mind, it could reasonably have concluded that defendant acted recklessly rather than with depraved indifference to human life when he injured the infant *(see, People v Galvin, supra,* at 529). Because there was a reasonable view of the evidence, viewed in the light most favorable to defendant, that would permit a finding that defendant committed the lesser offense but not the greater, the lesser offense should have been charged *(see generally, People v Randolph,* 81 NY2d 868, 869; *People v Peters,* 188 AD2d 1037, *lv denied* 81 NY2d 975). (Appeal from Judgment of Wayne County Court, Sirkin, J.—Assault, 1st Degree.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.