■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIXTO SCOTT, Appellant. [612 NYS2d 725] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress the in-court identification of defendant. Defendant contends that the People's CPL 710.30 notice of a pretrial identification of him from a photographic array was insufficient because it stated only that "[t]he People intend to offer testimony identifying defendant as a person who committed the offense charged, to be given by a witness who previously identified defendant as such". The record reveals that, when defendant received the CPL 710.30 notice, he also received the People's file, which included police reports describing the identification procedures that were conducted; supporting depositions from witnesses who viewed the photographic arrays; and copies of the photographic arrays used by the police. Any defect in the CPL 710.30 notice was cured when, after moving to suppress the in-court identification, defendant was granted a *Wade* hearing, after which the motion was denied *(see,* CPL 710.30 [3]; *cf., People v Lopez,* 194 AD2d 62; *People v Palermo,* 169 AD2d 787; *see also, People v Black,* 177 AD2d 1040, *lv denied* 79 NY2d 853). Therefore, defendant was "in effect * * * afforded * * * the same opportunity for a court to pass upon the admissibility of the [identification] as he would have had if timely notice had been given" *(People v*

*Amparo,* 73 NY2d 728, 729; *see also, People v Simmons,* 170 AD2d 15, 21-22, *lv denied* 78 NY2d 1130).

From our review of the record, we conclude that the court properly refused to charge petit larceny as a lesser included offense of robbery in the first degree. There is no reasonable view of the evidence, seen in the light most favorable to defendant, that would have permitted the jury to find that defendant committed petit larceny but did not commit robbery *(see, People v Randolph,* 81 NY2d 868, 869; *People v Peters,* 188 AD2d 1037, *lv denied* 81 NY2d 975).

The court was not required to inquire of defendant whether he was aware of his right to testify and whether he waived that right *(see, People v Fratta,* 83 NY2d 771, 772).

Defendant's remaining contention is not preserved for review *(see,* CPL 470.05 [2]), and we decline to reach it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]). (Appeal from Judgment of Monroe County Court, Egan, J. —Murder, 2nd Degree.) Present—Pine, J. P., Balio,. Callahan, Davis and Boehm, JJ.