**Tyrone JONES, Plaintiff–Appellant,**

**v.**

**Corrections Captain HOFFMAN, Defendant–Appellee.**

**No. 1691, Docket 95–2825.**

United States Court of Appeals, Second Circuit.

Submitted June 7, 1996.

Decided June 13, 1996.

Before: NEWMAN, Chief Judge, JACOBS, Circuit Judge, and CHATIGNY, District Judge.*

PER CURIAM:

Petitioner-appellant Tyrone Jones appeals from the September 28, 1995, judgment of the District Court for the Eastern District of New York (Allyne R. Ross, Judge) denying his petition for a writ of habeas corpus. Jones contends that the District Court erred in rejecting his claims (1) that there was insufficient evidence to support his conviction, and (2) that the trial court erred in failing to instruct the jury on a lesser-included offense in his non-capital case. We conclude that the first claim is without merit, and our consideration of the second claim is foreclosed because it would require the announcement of a new rule in contravention of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

■  1.  Jones contends that his conviction for felony murder is constitutionally deficient because there was insufficient evidence that he committed the underlying crime—intentional aiding and abetting of a robbery. Even disregarding the evidence that Jones challenges as unreliable, a rational trier of fact could have found that Jones aided and abetted the robbery. The evidence showed that on the night of the robbery-murder, Jones and his two co-defendants, Jeffrey Waldo and Fred Morris, met at a party, and the three men later went together to get some ammunition. Waldo and Morris were both openly carrying firearms. Jones himself was armed with a sawed-off semi-automatic rifle.

Waldo and Morris then told Jones that they were going to rob someone and steal a car. Jones decided to accompany Waldo and Morris after being explicitly advised of their plans. Following the robbery-murder, Jones's palm print was found at the crime scene on the fender of a car near the victim's body. Jones later showed a newspaper clipping that described the murder to a friend and stated that he was worried about the

Harry R. Pollak, New York City, submitted a brief for plaintiff-appellant.

Richard A. Brown, Dist. Atty., Steven J. Chananie, Robin A. Forshaw, Ellen C. Abbot, Asst. Dist. Attys., Queens, NY, submitted a brief for defendant-appellee.

---

* The Honorable Robert N. Chatigny of the United States District Court for the District of Connecti-  cut, sitting by designation.

case. Based on this evidence, viewed in the light most favorable to the State, we conclude that there was ample evidence to support the conclusion that Jones intentionally aided and abetted the robbery, and therefore could be found liable for felony murder.

2. Jones also contends that the trial court erred in failing to instruct the jury on a charge of second-degree manslaughter, a lesser-included offense of felony murder. The District Court declined to consider the merits of this claim, concluding that a ruling requiring state courts to submit such jury instructions in non-capital cases would constitute a new rule under *Teague.*

The Supreme Court has held that due process requires a trial court to submit jury instructions regarding lesser-included offenses in capital cases. *See Beck v. Alabama,* 447 U.S. 625, 637–38, 100 S.Ct. 2382, 2389–90, 65 L.Ed.2d 392 (1980). The Court, however, has expressly declined to consider whether such a requirement would apply in the non-capital context. *Id.* at 638 n. 14, 100 S.Ct. at 2390 n. 14; *see also Gilmore v. Taylor,* 508 U.S. 333, 361, 113 S.Ct. 2112, 2128, 124 L.Ed.2d 306 (1993) (Blackmun, J., dissenting). It is true that in one prior decision, we stated in dictum that an instruction on lesser-included offenses must be submitted even in non-capital cases. *See United States v. Zapata–Tamallo,* 833 F.2d 25, 28 (2d Cir.1987). Subsequent cases, however, have underscored the non-precedential nature of that statement by concluding that "[t]his Circuit has not yet ruled on this issue." *Rice v. Hoke,* 846 F.2d 160, 164 (2d Cir.1988); *see Knapp v. Leonardo,* 46 F.3d 170, 179 (2d Cir.) ("Neither the Supreme Court nor this circuit has decided whether the failure to instruct a jury on lesser included offenses in noncapital cases is a constitutional issue that may be considered on a habeas petition."), *cert. denied,* —— U.S. ——, 115 S. Ct. 2566, 132 L.Ed.2d 818 (1995); *see also Jones v. Speckard,* 827 F.Supp. 139, 146 (W.D.N.Y.) ("Although the issue has been raised in several cases, the court has declined to reach the issue....."), *aff'd mem.,* 14 F.3d 592 (2d Cir.1993); *Smithwick v. Walker,* 758 F.Supp. 178, 187 (S.D.N.Y.) ("[T]he Second Circuit has yet to rule on this

issue...."), *aff'd mem.,* 948 F.2d 1278 (2d Cir.1991).

Since a decision interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases would involve the announcement of a new rule, we hold that *Teague* precludes our consideration of the issue. *Accord Turner v. Marshall,* 63 F.3d 807, 819 (9th Cir.1995) ("With the intercircuit split on whether the lack of a lesser included offense instruction in a noncapital case presents constitutional error, any finding of constitutional error would create a new rule, inapplicable to the present case under *Teague.*"). Moreover, neither of the two narrowly drawn exceptions to *Teague* applies in this case. The lesser-included offense rule does not decriminalize a particular class of conduct, nor does it fall within that small core of "watershed" rules requiring the observance of certain procedures that are implicit in the concept of ordered liberty. *Accord Andrews v. Deland,* 943 F.2d 1162, 1187 (10th Cir.1991) ("The rule [in *Beck* ] is not such a 'watershed' rule as to fit within the second exception."), *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992).

Accordingly, the judgment of the District Court is affirmed.