Shamell **ALLAH**, a/k/a Sixto Scott, Petitioner,

v.

Walter R. **KELLY**, Superintendent, Attica Correctional Facility, Respondent.

No. 97–CV–286A.

United States District Court, W.D. New York.

June 29, 1998.

Shamell Allah, pro se.

Loretta Courtney, Rochester, NY, for Respondent.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1) on June 25, 1997. On April 17, 1997, petitioner filed a petition for a writ of habeas corpus. On June 2, 1998, Magistrate Judge Heckman filed a Report and Recommendation, recommending that petitioner's petition for a writ of habeas corpus be denied and the case dismissed.

The Court having carefully reviewed the Report and Recommendation, the record in this case, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, petitioner's petition for a writ of habeas corpus is denied and the case is dismissed.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 was referred to the undersigned by Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). For the following reasons, it is recommended that the petition be denied.

### BACKGROUND

Petitioner Shamell Allah [1] was indicted on two counts of robbery (New York Penal Law § 160.15(1), (2)), and one count of felony murder (New York Penal Law § 125.25(3)),[2]

1. Prior to a name change that was granted in Wyoming County Court in October 1996, petitioner's name was Sixto Scott. The underlying state court actions in this case were prosecuted against him in that name.

2. N.Y. Penal Law § 160.15 provides:

A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
  1. Causes serious physical injury to any person who is not a participant in the crime; or
  2. Is armed with a deadly weapon . . . .
Robbery in the first degree is a class B felony.
N.Y. Penal Law § 125.25 provides:
A person is guilty of murder in the second degree when:

  ⁕  ⁕  ⁕  ⁕  ⁕  ⁕

  3. Acting either alone or with one or more other persons, he commits or attempts to commit robbery, burglary, kidnapping, arson, rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, aggravated

sexual abuse, escape in the first degree, or escape in the second degree, and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants; except that in any prosecution under this subdivision, in which the defendant was not the only participant in the underlying crime, it is an affirmative defense that the defendant:
  (a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and
  (b) Was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and
  (c) Had no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and
  (d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury . . . .
Murder in the second degree is a class A–I felony.

for the shooting death of Richard Calderon. Calderon was shot and killed on a street corner in the City of Rochester on October 16, 1991. He was wearing a necklace which was removed from him at the time of the shooting. Several eyewitnesses testified to seeing petitioner at the scene, and at least one witness testified that petitioner held a gun to the victim and demanded his necklace. When the victim ran away, he was shot in the back. Two men ran up to the victim and one of the men took the necklace from around the victim's neck. Petitioner and another man, Neftali Bliss, were indicted on the robbery and felony murder charges. On November 20, 1992, after a jury trial, petitioner was found guilty of all charges. Thereafter, he was sentenced on the murder charge to a term of twenty-five years to life, to be served concurrently with two terms of twelve and one-half to twenty-five years on the robbery charges.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, raising the following issues:

1. The trial court erred when it declined to suppress in-court identification testimony;

2. The trial court erroneously declined to charge petit larceny as a lesser included offense of robbery in the first degree;

3. The court's charge on accomplice liability deprived appellant of his constitutional right to a fair trial;

4. Petitioner did not make a knowing, voluntary and intelligent waiver of his right to testify, as required by the New York State Constitution.

(*see* Item 7, App. C).

On May 27, 1994, the Fourth Department unanimously affirmed petitioner's conviction. *People v. Scott,* 204 A.D.2d 995, 612 N.Y.S.2d 725 (4th Dept.1994). The Appellate Division found with respect to the issue of notice of the in-court identification that "[a]ny defect in the CPL § 710.30 notice was cured when, after moving to suppress the in-court identification, defendant was granted a *Wade* hearing, after which the motion was denied." *Id.,* 204 A.D.2d at 995, 612 N.Y.S.2d at 725 (citations omitted). With respect to the failure of the trial court to charge the jury with a lesser included offense, the Appellate Division held that "the court properly refused to charge petit larceny as a lesser included offense of robbery in the first degree. There is no reasonable view of the evidence, seen in the light most favorable to defendant, that would have permitted the jury to find that defendant committed petit larceny." *Id.,* 204 A.D.2d at 996, 612 N.Y.S.2d at 725–26 (citations omitted). The Appellate Division did not specifically address the accomplice liability jury charge, noting that "[d]efendant's remaining contention is not preserved for review, and we decline to reach it as a matter of discretion in the interest of justice." *Id.,* 204 A.D.2d at 996, 612 N.Y.S.2d at 726. Finally, with respect to the claim that the petitioner did not make a knowing, voluntary and intelligent waiver of his right to testify, the Appellate Division stated that the trial court "was not required to inquire of defendant whether he was aware of his right to testify and whether he waived that right." *Id.*

On November 27, 1994, the New York State Court of Appeals denied leave to appeal. *People v. Scott,* 84 N.Y.2d 939, 621 N.Y.S.2d 536, 645 N.E.2d 1236 (1994). Thereafter, petitioner filed for a writ of error *coram nobis* in the Appellate Division on grounds including ineffective assistance of counsel, but that application was denied by order dated December 22, 1995. *People v. Scott,* 222 A.D.2d 1129, 636 N.Y.S.2d 963 (1995).

In this petition for habeas corpus relief, petitioner raises three grounds:

1. The trial court's refusal to charge the jury as to a lesser included offense violated his right to due process;

2. The trial court's charge concerning accomplice liability deprived petitioner of his right to a fair trial;

3. Petitioner was denied effective assistance of appellate counsel.

Respondent has answered the petition, raising the following grounds for denial of the writ:

1. Petitioner failed to exhaust his state remedies;

2. The trial court's decision not to present the jury with a lesser included offense charge rested on state law and is not subject to review in a petition for federal habeas corpus;

3. There was no constitutional violation in the trial court's accomplice liability jury charge; and,

4. Petitioner was not denied effective assistance of counsel.

(Item 7). Each of these claims and responses is discussed in turn below.

## DISCUSSION

### I. Exhaustion.

■ In general, before a federal court may address the merits of any federal issue on petition for a writ of habeas corpus, the petitioner must have exhausted all available state remedies as to that issue. 28 U.S.C. § 2254(b)(1);[3] *Gonzalez v. Sullivan*, 934 F.2d 419, 422 (2d Cir.1991). Exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained. *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 n. 3 (2d Cir.1982), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

■ The exhaustion doctrine also requires that a habeas petitioner seeking to upset his or her state conviction on federal grounds must first give the state courts a fair opportunity to pass upon all of the federal claims asserted in the petition. *Id.* at 191; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Respondent contends that petitioner failed to present his first and second claims to the state court in federal terms. However, a review of the appellate briefs shows that the claims raised in this habeas petition—*i.e.*, the refusal of the trial court to charge the jury with a lesser included offense instruction, the trial court's alleg-

edly insufficient accomplice charge and petitioner's ineffective assistance of counsel claims—were adequately presented to the appellate courts in a manner that "sufficiently alerted the state courts to the federal constitutional nature" of the claims. *Gonzalez, supra*, 934 F.2d at 423.

Accordingly, the petition should not be denied on the basis of the exhaustion doctrine.

### II. Jury Instruction Issues.

Petitioner asserts constitutional errors in two aspects of the jury charge. First, he claims that the trial court erred in failing to charge petit larceny as a lesser included offense of the robbery counts. Second, petitioner argues that the court's accomplice charge was erroneous and deprived him of a fair trial.

■ As a general matter, "[i]n order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instruction to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Casillas v. Scully*, 769 F.2d 60, 63 (2d Cir.1985); *see also Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). The standard on a habeas corpus petition is "quite different" from the standard on direct review of proceedings in a federal criminal case. *Rogers v. Carver*, 833 F.2d 379, 381 (1st Cir.1987), *cert. denied*, 485 U.S. 937, 108 S.Ct. 1116, 99 L.Ed.2d 276 (1988). The habeas petitioner has the burden of meeting a very high standard— "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Naughten, supra*, 414 U.S. at 147, 94 S.Ct. 396; *see also Pawlowski v. Kelly*, 932 F.Supp. 475, 482 (W.D.N.Y.1995). I now address each charge

---

**3.** 28 U.S.C. § 2254(b)(1), as amended effective April 24, 1996, states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

issue separately to examine whether petitioner has met that "very high standard."

## A. Jury Charge Regarding Lesser Included Offense.

■ Petitioner argues that the trial court erred by refusing defense counsel's request to charge the lesser-included offense of petit larceny. On direct appeal to the Appellate Division, petitioner argued that a reasonable view of the evidence would have permitted the jury to find that the petitioner or an accomplice formed the intent to take the necklace from the victim only after the victim was shot. The Appellate Division rejected petitioner's argument, stating as follows:

> From our review of the record, we conclude that the court properly refused to charge petit larceny as a lesser included offense of robbery in the first degree. There is no reasonable view of the evidence, seen in the light most favorable to defendant, that would have permitted the jury to find that defendant committed petit larceny but did not commit robbery.

*People v. Scott, supra,* 204 A.D.2d at 995, 612 N.Y.S.2d at 725–26.

As noted in *Pawlowski,* the Supreme Court has held that "in capital cases, failure to charge lesser-included non-capital offenses, where the evidence warrants such a charge, violates the eighth amendment and the due process clause. However, the Court left open the question of whether due process requires a lesser included offense instruction in a non-capital case." *Pawlowski v. Kelly, supra,* 932 F.Supp. at 482–83 (citing *Beck v. Alabama,* 447 U.S. 625, 627, 638 n. 14, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980)). *Pawlowski* went on to survey the decisions of several circuit courts that had ruled on the issue, and noted that there was no definitive ruling in the Second Circuit. *Id.* at 483.

Subsequently, in *Jones v. Hoffman,* 86 F.3d 46 (2d Cir.1996), the Second Circuit noted the Supreme Court's express unwillingness to rule on the issue of whether failure to charge lesser-included non-capital of-

fenses rises to the level of a constitutional claim. *Id.* at 48. The Second Circuit held that because of this inaction, and because there is an "intercircuit split" on the issue, a ruling on the habeas claim would amount to the announcement of a new rule of constitutional interpretation, and is therefore precluded under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *Jones, supra.*

Accordingly, petitioner is not entitled to habeas corpus relief on the ground that the state court failed to charge the lesser-included offense of petit larceny.

## B. Jury Charge Regarding Accomplice Liability.

■ The petitioner also claims that he was denied a fair trial based upon the trial court's accomplice liability charge. Petitioner claims that although the chief theory of the prosecution was that petitioner was the shooter, during deliberations the jury indicated that it was considering whether petitioner instead acted as an accomplice. Petitioner bases this contention on questions and requests for read-backs from the jury.

During his charge to the jury, the judge read a charge on accomplice liability based upon New York Criminal Procedure Law § 20.00 [4] (Trial Transcript at 514–15). After several hours of deliberations, the jurors requested a re-reading of the § 20.00 charge, and the judge re-read it. A while later, the jury again requested that the court review several of the charges, including the accomplice liability charge. In response, the judge repeated the charge as well as the charge related to felony murder. After an hour and a half of further deliberations, the jury returned guilty verdicts on all three counts.

Defense counsel never objected during these events, and, as noted previously, the Fourth Department declined to reach the issue because it was unpreserved for review. *People v. Scott, supra,* 204 A.D.2d at 996, 612 N.Y.S.2d at 726.

---

4. N.Y.Crim. Proc. Law § 20.00 states:
When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.

A federal habeas court generally will not review a state court's refusal to consider claims that were unpreserved for appellate review. *Coleman v. Thompson*, 501 U.S. 722, 730–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Epps v. Commissioner of Correctional Services*, 13 F.3d 615, 617 (2d Cir.), *cert. denied*, 511 U.S. 1023, 114 S.Ct. 1409, 128 L.Ed.2d 81 (1994). Where the state court explicitly states that its judgment rested on a procedural default, federal habeas corpus review is likewise procedurally barred unless the petitioner demonstrates cause for the default, and resulting prejudice. *Epps, supra.*

In this case, petitioner failed to preserve the issue of the trial court's accomplice charge for appellate review. He does not show cause for the default, nor does he demonstrate prejudice as a result of the default. The only possible cause petitioner claims for failure to raise the accomplice charge issue was trial counsel's ineffective assistance (*see* Item 5, p. 33). However, even if the court could accept this as good cause, petitioner has not demonstrated any prejudice. Although petitioner urges that the complexity of the trial judge's charge and the jury's requests for several read-backs denied him a fair trial, a review of the trial transcript demonstrates that the jury instructions, taken as a whole, were fair and proper. Although the jury requested several re-readings of the accomplice liability standard which might have indicated some confusion, the judge each time provided them with an accurate statement of the law.

Petitioner also contends that an instruction given early in the deliberations was unfair because it did not specify that, in order to be convicted as an accomplice, one had to have the intent to commit the crime alleged. Instead, the court had charged that "[p]articipation is with the required mental culpability when the act is done voluntarily, purposefully and with the intent to bring about some result which the law forbids" (Trial Transcript at 515–16). Yet, in response to the jury's final questions, the judge also re-read the charge on felony murder, which clearly focused on the elements of that charge as it related to the robbery and murder of the victim. Thus, contrary to petitioner's assertion, it is clear that by the time the jury submitted its final questions during deliberations it was considering whether petitioner, directly or as an accomplice, engaged in the robbery of the murder victim, and not whether he engaged in some random act "which the law forbids." Therefore, even if the trial court had read the jury instructions exactly as petitioner now urges, the result would have been the same.

Accordingly, I find that petitioner cannot show the requisite cause and prejudice to excuse the procedural default on this issue.

### III. Ineffective Assistance of Counsel.

Petitioner argues that he was denied effective assistance of counsel on his direct appeal to the Appellate Division. Petitioner claims that appellate counsel failed to raise the following issues: (1) insufficient evidence of guilt, and (2) ineffective assistance of trial counsel. Petitioner contends that because the issues appellate counsel actually raised were much weaker than these two claims, appellate counsel's conduct failed the test for effective assistance described in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In order to succeed with a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that his attorney's performance fell below the prevailing professional norms with a showing sufficient to overcome a "strong presumption that counsel's conduct fails within the wide range of reasonable professional assistance," and (2) that a "reasonable probability [exists] that, absent counsel's unprofessional performance, the outcome of the proceeding would have been different." *United States v. Vegas*, 27 F.3d 773, 777 (2d Cir.) (citing *Strickland, supra* at 687–691, 104 S.Ct. 2052), *cert. denied*, 513 U.S. 911, 115 S.Ct. 284, 130 L.Ed.2d 200 (1994). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland, supra* at 694, 104 S.Ct. 2052. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Id.* at 689, 104 S.Ct. 2052 (internal quotations omitted).

■ The *Strickland* test applies to appellate counsel, and "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.) *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994). The first prong of the test—the attorney's performance—must be judged on the basis of the facts of the particular case "viewed as of the time of counsel's conduct," *Strickland, supra* at 690, 104 S.Ct. 2052, while the prejudice prong can be assessed "with the benefit of hindsight." *Mayo, supra* at 533.

In this case, even if petitioner could demonstrate that appellate counsel's performance was ineffective, he cannot demonstrate that the performance prejudiced the outcome. As discussed below, petitioner has failed to show that the evidence was insufficient to establish his guilt. In addition, petitioner has not shown how the appellate counsel's failure to raise ineffective assistance of trial counsel as a ground for appeal would have prevented the appellate court from holding that the conviction was proper.

### A. Sufficiency of the Evidence.

■ In order to prevail on a sufficiency of the evidence claim on habeas review, petitioner must demonstrate that "the record [is] so totally devoid of evidentiary support that a due process issue is raised." *Robinson v. Scully,* 683 F.Supp. 941, 943 (S.D.N.Y.1988); *see also Ballard v. Walker,* 772 F.Supp. 1335 (E.D.N.Y.1991). Habeas relief cannot be granted if, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ A review of the record in this case indicates that a rational finder of fact could have found petitioner guilty beyond a reasonable doubt of all three counts of the indict-ment. At the trial, three eyewitnesses identified petitioner as one of two men who chased the victim. The witnesses testified that one of these men shot the victim in the back, and reached down and took a necklace from the victim's neck before fleeing from the area. One of the witnesses heard one of the two men demand the necklace from the victim and then shot him when the victim ran away. These events took place in a very short period of time. Thus, based upon the evidence introduced at trial, a rational jury could certainly have found that petitioner, either individually or as an accomplice, robbed the victim, intending to harm him with a deadly weapon, and further caused the victim's death during the commission of the robbery.

### B. Ineffective Assistance of Trial Counsel.

■ Petitioner raises two areas in which he questions the effectiveness of trial counsel. The first concern is that although his first attorney filed an alibi witness notice, the attorney who took over his case never interviewed nor called these witnesses to testify on petitioner's behalf.

In *Strickland,* the Supreme Court stated that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland, supra,* 466 U.S. at 691, 104 S.Ct. 2052; *see also Stubbs v. Thomas,* 590 F.Supp. 94, 100 (S.D.N.Y.1984) (although conduct of court-appointed investigator in failing to investigate alibi defense fell far below standard of reasonably competent assistance, it did not constitute a constitutional violation where petitioner could not demonstrate he was prejudiced thereby). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland, supra* at 691, 104 S.Ct. 2052.

Petitioner does not provide any indication as to what these alibi witnesses would have testified. Petitioner gives no indication why trial counsel abandoned this alibi defense, and petitioner fails to even offer any scenario

that the trial attorney's rejection of the alibi defense was anything other than sound trial tactics.

In *Stubbs*, the court found that the proposed alibi would not have been sufficient to rebut the evidence provided by two eyewitnesses who testified that they saw the petitioner pull a knife from the victim's chest. *Stubbs v. Thomas, supra,* 590 F.Supp. at 101. Similarly, in the present case, petitioner has failed to show that any alibi witness testimony could overcome the eyewitness testimony establishing that petitioner was involved in the robbery and the subsequent death of the victim. Accordingly, I find that petitioner has failed to overcome the "heavy measure of deference to counsel's judgments" that this court must apply.

Petitioner also complains that trial counsel failed to object to the jury charges on lesser-included offense and accomplice liability. However, as noted earlier, petitioner has failed to demonstrate any prejudice as a result of these charges, and trial counsel was therefore not ineffective in failing to object to the charges.

Accordingly, petitioner has failed to show that appellate counsel's failure to raise the ground of ineffective assistance of trial counsel affected the outcome of his appeal.

### CONCLUSION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be denied, and the case be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could

have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.*** *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." ***Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.***

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the petitioner and to the attorney for the respondent.

**SO ORDERED.**

June 2, 1998.