UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FREDDIE ROBINSON,
        *Petitioner-Appellant,*

v.

NORTH CAROLINA ATTORNEY
GENERAL; DANIEL L. STIENEKE,
Director of North Carolina Prisons;
MICHAEL F. EASLEY,
        *Respondents-Appellees.*

No. 99-7530

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Paul Trevor Sharp, Magistrate Judge.
(CA-99-53-1)

Submitted: November 16, 2000

Decided: December 7, 2000

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Neal L. Walters, UNIVERSITY OF VIRGINIA SCHOOL OF LAW,
Charlottesville, Virginia, for Appellant. Michael F. Easley, Attorney
General, Clarence Joe DelForge, III, Assistant Attorney General,
Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Freddie Robinson appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000). He contends that (1) the state trial court denied him due process by failing to instruct the jury about a lesser-included offense and (2) the district court abused its discretion in this action by refusing to appoint counsel for Robinson. We granted a certificate of appealability as to the first issue. We now affirm in part and dismiss in part.

Robinson was convicted of felony larceny and other offenses. He asserts that the trial court was constitutionally required to instruct the jury about misdemeanor larceny, a lesser-included offense of felony larceny. As Robinson concedes, however, the Supreme Court has never held that due process requires lesser-included instructions in non-capital state trials. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980) (expressly reserving this issue). Moreover, a review of decisions from other courts of appeals establishes that there is no consensus on this question. Consequently, a decision in Robinson's favor would require the enunciation and retroactive application of a new rule, in violation of § 2254(d)(1) and *Teague v. Lane*, 489 U.S. 288 (1989). *See Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996) (holding that lesser-included claim was *Teague*-barred); *Ramdass v. Angelone*, 187 F.3d 396, 406 (4th Cir. 1999) (noting that § 2254(d)(1)'s retroactivity limitation is more stringent than *Teague*'s), *aff'd*, 120 S. Ct. 2113 (2000). Accordingly, we affirm the district court's order denying relief on this claim.

As for Robinson's second claim, we have reviewed the record and find no abuse of discretion in the refusal to appoint counsel. Accordingly, we deny a certificate of appealability and dismiss Robinson's appeal as to this issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*