**Erik C. RASMUSSEN, Petitioner–Appellant,**

v.

**Robert KUPEC, Respondent–Appellee.**

No. 02–2208.

United States Court of Appeals, Second Circuit.

Jan. 17, 2003.

Hope C. Seeley (Hubert J. Santos and Sandra L. Snaden, on the brief), Santos & Seeley, P.C., Hartford, CT., for Petitioner–Appellant.

Kevin T. Kane, State's Attorney, Judicial District of New London, New London, CT., for Respondent–Appellee.

Present: KEARSE, and B.D. PARKER, Jr., Circuit Judges, and RAKOFF,[1] District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 17th day of January, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the denial of the petition for a writ of habeas corpus is AFFIRMED.

Petitioner-appellant Erik C. Rasmussen appeals from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*). In December 1990 Rasmussen was convicted of murdering his wife in violation of Connecticut General Statutes Section 53a–54a. At trial, the State's evidence showed that Rasmussen had strangled his wife, attacked her with a home-made spear, and then attempted to convince the police that his wife's death was the result of a botched burglary while he was sleeping. The District Court denied his petition for a writ of habeas corpus but granted a Certificate of Appealability. On appeal, Rasmussen contends that (1) the trial court was required to charge the jury on the lesser included offenses of manslaughter in the first and second degrees and (2) that his mental and emotional state was so fragile that he was unable to comprehend his *Miranda* rights

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

or intentionally waive them while in custody.

Appellant's first contention provides no basis for habeas relief. Both the Supreme Court and our court have expressly refrained from deciding whether the Constitution requires lesser-included-offense instructions in non-capital cases. *Beck v. Alabama,* 447 U.S. 625, 638 n. 14, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *Jones v. Hoffman,* 86 F.3d 46, 48 (2d Cir.1996) (per curiam). *Teague v. Lane,* however, bars us from announcing new rules of constitutional interpretation in habeas corpus cases. 489 U.S. 288, 315, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). "Since a decision interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases would involve the announcement of a new rule, we hold that *Teague* precludes our consideration of the issue." *Jones v. Hoffman,* 86 F.3d at 48. Although the State failed to make a *Teague*-based argument below, we have the discretion to recognize the preclusive force of Teague. *Caspari v. Bohlen,* 510 U.S. 383, 389, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). We choose to do so here and conclude that *Teague* bars Rasmussen's first contention.

Rasmussen's second contention is that he did not properly receive *Miranda* warnings and that his custodial statements were improperly admitted at his trial. We have reviewed the District Court's analysis of the circumstances surrounding Rasmussen's *Miranda* warnings, and we similarly reject the claim for substantially the reasons stated by the District Court.

Accordingly, we AFFIRM the District Court's denial of Rasmussen's petition for a writ of habeas corpus.