■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY DURDEN, Appellant. [775 NYS2d 248]—

Judgment, Supreme Court, New York County (John Bradley, J.), rendered September 17, 2002, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility (*People v Gaimari*, 176 NY 84, 94 [1903]). The credible evidence established that defendant used force in an effort to retain the briefcase he had stolen from the victim's car and was aided by "another person actually present," as required for a conviction of robbery in the second degree under Penal Law § 160.10 (1).

The court properly denied defendant's request to charge petit larceny as a lesser included offense of robbery in the second degree, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater (*see People v Brown*, 243 AD2d 363 [1997], *lv denied* 91 NY2d 889 [1998]). Every witness testified that defendant struggled with the victim while maintaining possession of the stolen briefcase, and there was no evidence that defendant used force simply to escape.

The court's supplemental instruction was a meaningful response to the jury's request for a further explanation of the element of force. Viewing the supplemental instruction together with the court's main charge, we conclude that the court's response adequately conveyed the applicable principles of law (*see People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]).

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Tom, Andrias, Saxe and Marlow, JJ.