THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELLY SMITH, JR., Appellant. [801 NYS2d 663]—

Appeal from a judgment of the Wayne County Court (Richard A. Keenan, J.), rendered February 22, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [3]) and resisting arrest (§ 205.30), defendant contends that County Court's supplemental jury instruction on physical injury was erroneous, thereby depriving him of a fair trial. We disagree. "The court has discretion to respond as it deems

proper to an inquiry by a deliberating jury (*see* CPL 310.30), provided that the supplemental instruction is a meaningful response to the jury's inquiry" (*People v Williams*, 277 AD2d 945, 945 [2000], *lv denied* 96 NY2d 789 [2001]; *see People v Malloy*, 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]). We conclude that the court's supplemental instruction, viewed together with the court's main charge, adequately conveyed the applicable principles of law to the jury and was a meaningful response to the jury's inquiry (*see People v Durden*, 5 AD3d 333 [2004], *lv denied* 2 NY3d 798, 3 NY3d 658 [2004]; *see generally Malloy*, 55 NY2d at 301-302). Also contrary to defendant's contentions, the evidence of physical injury is legally sufficient to support the conviction of assault in the second degree (*see e.g. People v Daniels*, 199 AD2d 332 [1993], *lv denied* 83 NY2d 804 [1994]; *People v Piersa*, 196 AD2d 896, 897 [1993], *lv denied* 82 NY2d 901 [1993]), and the verdict on that count is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, we conclude that the court did not err in sentencing defendant to a term of incarceration greater than that offered as a part of the plea bargain. "Given that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater . . . , it is . . . to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena*, 50 NY2d 400, 412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]; *see People v Urrutia*, 2 AD3d 1475, 1476 [2003], *lv denied* 2 NY3d 765 [2004]). "[T]here is no indication that the sentence imposed was 'the product of vindictiveness' " (*Urrutia*, 2 AD3d at 1476, quoting *People v Thompson*, 299 AD2d 889, 890 [2002], *lv denied* 99 NY2d 585 [2003]) or that the court "placed undue weight upon defendant's ill-advised decision to reject [a] favorable plea bargain and proceed to trial" (*People v Morton*, 288 AD2d 557, 559 [2001], *lv denied* 97 NY2d 758 [2002], *cert denied* 537 US 860 [2002]). Present— Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.