Roy DAY, Petitioner,

v.

Justin TAYLOR, Superintendent, G.C.F. Respondent.

No. 05 Civ. 3659(VM).

United States District Court, S.D. New York.

Oct. 24, 2006.

---

## DECISION AND ORDER

MARRERO, District Judge.

### I. INTRODUCTION

Pro se petitioner Roy Day ("Day") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Day was convicted in New York State Supreme Court, New York County, of third-degree criminal sale of a controlled substance, N.Y. Penal Law § 220.39(1), and third- and fourth-degree criminal possession of a controlled substance, N.Y. Penal Law §§ 220.16(1), 220.09(1). In his petition, Day raises three Fourteenth Amendment grounds for the writ: first, that his right to due process was violated when expert testimony was introduced to explain circumstances that were readily understandable by the jury; second, that his right to a presumption of innocence was abrogated when the prosecutor argued during summation that expert testimony added weight and credibility to the testimony of the arresting officers; third, that his right to a fair trial was violated when the trial court failed to give a limiting jury instruction with respect to the expert testimony.[1] Respon-

---

1. Day purports to raise a fourth, generalized ground as well: that the state offended his right to due process, presumption of innocence, and a fair trial. Construing Day's pro se submission liberally, because Day has not pointed to any facts supporting this ground for relief not encompassed in the other three grounds, the Court reads this ground for relief as a summary of Day's other contentions.

dent Justin Taylor ("Respondent" or the "State") filed an opposition to the petition.

For the reasons set forth below, Day's petition is denied.

## II. BACKGROUND[2]

On August 20, 2002, undercover police officers Jeselson, Boorman, Papa, Simonetti, Fontanez, and Sargent Caban set up a narcotics observation post on West 119th Street between Eighth Avenue and St. Nicholas Avenue, in Manhattan. At 4:23 p.m., John Doe, wearing a green Timberland jacket, was seen approaching Roy Day on St. Nicholas Avenue. When Doe reached Day, Day placed a clear plastic bag containing numerous white objects in Doe's hand. Doe and Day then walked west on 119th Street; Day continued on 119th Street and turned toward south on Eighth Avenue, out of the observation post's sight. Doe stopped at 282 West 119th Street, and placed the bag that Day had given him into a brick-sized opening in the wall of the building.

Later, three individuals, namely Arthur Gayles, Theodore Singleton, and an unidentified man, were separately seen placing money inside the hole, and receiving vials containing a white substance. Gayles and Singleton were arrested, as well as Day and Gregory Frazier, the person inside the building behind the hole. Officers recovered from Gayles two clear-topped vials of crack cocaine; from Singleton, one clear-topped vial of a white substance which he dropped on the ground. On Frazier, officers recovered a black "Gameboy" plastic bag, which contained three plastic bags that held 96 clear-topped vials of crack cocaine. On Day, officers recovered $862 from his pants pocket.

Day was originally tried before a jury in April 2003, but a mistrial was declared when there was a hung jury. Day was retried before a jury and was convicted on June 24, 2003 of third-degree criminal sale of controlled substance, and third-and fourth-degree criminal possession of a controlled substance. He was sentenced to concurrent, indeterminate prison terms between six and twelve years on each count.

On February 13, 2004, Day filed an appeal to the New York Supreme Court, Appellate Division (the "Appellate Division"), arguing that: (1) the evidence was

---

**2.** The factual summary below derives from Day's and Respondent's submissions to this Court, specifically: Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus, dated March 22, 2006 ("Resp.Mem."); Respondent's Declaration in Opposition to Petition for a Writ of Habeas Corpus, dated March 22, 2006 ("Resp. Dec."); and Petitioner's Reply to Opposition to Petition for a Writ of Habeas Corpus, dated April 23, 2006 ("Pet.Rep."). Except where specifically quoted, no further reference to these documents will be made.

The State averred that its efforts to obtain the trial transcript were unsuccessful. (*See* Resp. Dec. at 2–3; Resp. Mem. at 3 n. 2.) Accordingly, the State relied on the summary of the trial and procedural facts contained in the District Attorney's brief to the Appellate Division. (*See* Resp. Dec. at 3; Resp. Mem. at 3 n. 2.) This practice is allowed under Rule 5 of Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[i]f a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence." Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Stevenson v. Strack*, No. 96 Civ 8429, 1999 WL 294805, at *1 n. 1 (S.D.N.Y. May 11, 1999). However, with his reply brief Petitioner submitted to this Court a microfilm copy of the trial transcript that had been submitted as a part of the Record on Appeal to the New York Supreme Court, Appellate Division, First Department. It is unclear to the Court whether the State had access to this material. However, because the outcome of this decision demonstrates that the State was not prejudiced in any way by the Court's review of this material, the Court reviewed this trial transcript in considering this case.

legally insufficient to prove his guilt of each of his convictions, as the People failed to prove his accessorial conduct; (2) the trial court erred in permitting Officer Jeselson, who was involved in the observation and arrest of Day, to give expert testimony regarding the roles of street-level drug dealers and erred further in not offering limiting instructions as to that testimony; (3) the prosecutor's opening and summation remarks improperly encouraged the jury to infer Day's conspiratorial involvement in the transactions; and (4) the prosecutor disparaged defense counsel's summation arguments.

On October 28, 2004, the Appellate Division unanimously affirmed Day's conviction. *People v. Day,* 11 A.D.3d 405, 783 N.Y.S.2d 41 (App. Div. 1st Dep't 2004). The Court found all four of the claims to be unpreserved, and stated that were it to review the claims, it would reject them.

On November 21, 2004, Day wrote a pro se letter ("Pet.Ltr.") to the Clerk of the New York State Court of Appeals ("Court of Appeals"), requesting leave to appeal the affirmance of the conviction. Day argued that his appellate counsel had failed to contend on appeal that his trial counsel was ineffective by not preserving the issues raised on appeal. On the same day, Day sent a letter containing the same text to Court of Appeals Chief Judge Judith Kaye. On January 13, 2005, Day's appellate counsel submitted a supplemental letter ("Supp.Ltr.") to Day's pro se letter to the Court of Appeals, repeating the four arguments submitted to the Appellate Division, and in addition arguing that these

issues were preserved because defense counsel objected no less than three times to the introduction of the expert witness testimony. On February 18, 2005, the Court of Appeals denied the leave application.

On March 10, 2005, Day timely filed this petition for a writ of habeas corpus.[3]

### III.  DISCUSSION

As a starting point, the Court notes that Day is a pro se litigant. As such, his submissions must be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quotation and citation omitted). The Court must read his submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quotation and citation omitted).

### A.  LEGAL STANDARD FOR HABEAS RELIEF

#### 1.  *Exhaustion*

A petitioner in custody pursuant to a judgment of a state trial court is entitled to habeas relief only if he can show that his detention violates the United States Constitution or federal law or treaties of the United States. *See* 28 U.S.C. § 2254(a). Before seeking federal relief, a petitioner generally must have exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[4] To do so, the

---

**3.** Under 28 U.S.C. § 2244(d)(1), a one-year limitation period exists for state prisoners seeking federal habeas corpus review. The limitation period starts running from the latest of four procedural outcomes, including the expiration of time to seek direct review of a conviction. Day filed his petition before the expiration of time to seek direct review, and

thus his application for habeas relief was filed before the statute of limitations even began running. Respondent does not dispute the timeliness of Day's petition. (*See* Resp. Mem. at 8.)

**4.** Following the passage of the AntiTerrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat.

petitioner must have fairly presented his federal claims to the highest available state court, setting forth all of the factual and legal allegations he asserts in his federal petition. *See Daye v. Attorney Gen.,* 696 F.2d 186, 190 n. 3, 191–92 (2d Cir. 1982).

All of Day's claims are exhausted and Respondent so concedes. (*See* Resp. Mem. at 9.)

### 2. *State Disposition of the Case*

■ A federal court's ability to review a habeas petition also depends on whether the state court adjudicated the petitioner's claims on the merits or on procedural grounds. A state court adjudicates a petitioner's federal claims on the merits when it: (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment. *See Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001). A claim decided on the merits is finally resolved, with res judicata effect, on substantive rather than procedural grounds. *See id.* at 311; *see also Diaz v. Herbert,* 317 F.Supp.2d 462, 481 (S.D.N.Y.2004).

■ Alternately, state court review of a petitioner's claims may result in a judgment based on state law grounds that are independent of the federal questions raised and that are adequate to support the judgment. *See Lee v. Kemna,* 534 U.S. 362, 375, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002) (*citing Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); *Garcia v. Lewis,* 188 F.3d 71, 76–78 (2d Cir.1999). Where the highest state court that rendered a judgment in the case "clearly and expressly states that its judg-

ment rests on a state procedural bar," such procedural default constitutes independent and adequate state grounds to deny habeas relief. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotations and citations omitted); *see also Glenn v. Bartlett,* 98 F.3d 721, 724 (2d Cir.1996); *Levine v. Comm'r of Corr. Servs.,* 44 F.3d 121, 126 (2d Cir.1995). In such cases, a federal court is generally barred from reviewing the petitioner's claims.[5]

■ In such procedural default cases, a federal habeas court may review a petitioner's claims only if the petitioner demonstrates (1) cause for the default and resulting prejudice, or (2) that the failure to consider the claims will "result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546; *see also Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). As to the first test, "cause" is defined as " 'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (*quoting Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To demonstrate prejudice, the petitioner must show more than that errors "created a possibility of prejudice, but [instead] that they worked to his actual and substantial disadvantage." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Where a petitioner is unable to show cause, the Court need not consider actual prejudice. *See McCleskey,* 499 U.S. at 502, 111 S.Ct. 1454; *see also*

1214, a federal habeas court may also deny an application on the merits even if the petitioner has not exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(2).

**5.** A federal habeas court is also precluded from reviewing claims when a state court both relies on independent and adequate state grounds, such as a procedural default, and also rules in the alternative on the merits of the federal claim. *See Glenn,* 98 F.3d at 725.

*Acosta v. Giambruno,* 326 F.Supp.2d 513, 520 (S.D.N.Y.2004).

█ If a petitioner is not able to show cause for and prejudice from the procedural default, a federal habeas court may still review claims to prevent a fundamental miscarriage of justice "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. 2639; *see also Dixon v. Miller,* 293 F.3d 74, 81 (2d Cir.2002). The petitioner bears a high burden with respect to claims of actual innocence because entertaining such claims during habeas review is disruptive to the finality of criminal convictions and imposes a burden on the trial court. *See Herrera v. Collins,* 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Without new, clearly exculpatory evidence, even a meritorious claim of a constitutional violation may be insufficient grounds for excusing a procedural default. *See Speringo v. McLaughlin,* 202 F.Supp.2d 178, 189–90 (S.D.N.Y. 2002) (*citing Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

█ The Appellate Division considered and affirmed Day's conviction on the basis that Day's claims were unpreserved. The Appellate Division thus disposed of Day's claims pursuant to New York's contemporaneous objection rule, which bars appeal of issues where the defendant did not object at the trial. *See* N.Y.Crim. Proc. Law § 470.05(2); *Simpson v. Portuondo,* No. 01 Civ. 8744, 2002 WL 31045862, at \*3–\*4 (S.D.N.Y. June 4, 2002). Failure to preserve an issue with a contemporaneous objection is an independent and adequate state law ground for disposition of the claim. *See Reyes v. Keane,* 118 F.3d 136, 138 (2d Cir.1997); *Simpson,* 2002 WL 31045862, at \*3–\*4; *People v. Whalen,* 59 N.Y.2d 273, 464 N.Y.S.2d 454, 451 N.E.2d 212, 215 (1983).

Thus, Day must either show cause for the default and resulting prejudice, or demonstrate that the failure to consider the claims in a habeas corpus proceeding will result in a fundamental miscarriage of justice. For reasons set below, the Court holds that Day has failed to show any of the foregoing.

## B. ANALYSIS OF DAY'S PETITION

### 1. Cause for Day's Default and Resulting Prejudice

Day's habeas petition and his reply brief present no cause for the default. Were Day not a pro se petitioner whose submissions must be accorded liberal interpretation to raise the strongest arguments that they suggest, this point would be the end of discussion. However, Day's petition does state that he sought leave to appeal to the Court of Appeals, and the pro se letter, dated November 21, 2004, by which he sought such leave, states, "My Appellate Counselor failed to raise the issue of ineffective assistance of Trial Counselor knowing after reviewing the Trial Minutes that my issues were unpreserved for Appellate Review." (Pet. Ltr. at 1.) Therefore, the Court interprets Day's petition to incorporate his argument, submitted to the Court of Appeals, that his trial counsel was ineffective and that this was the reason for the procedural default. Without deciding whether a pro se habeas petitioner may incorporate his arguments submitted to another tribunal simply by referring to the fact that he has sought leave to appeal to that tribunal, the Court finds that Day's claim of ineffective assistance of counsel as the cause for default is insufficient.

█ Ineffective assistance of counsel can constitute cause sufficient to overcome a procedural default if the counsel's performance amounted to a constitutional violation, but "attorney error short of in-

effective assistance of counsel does not constitute cause and will not excuse a procedural default." *McCleskey,* 499 U.S. at 494, 111 S.Ct. 1454; *see also Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Coleman,* 501 U.S. at 752–53, 111 S.Ct. 2546. To demonstrate ineffective assistance of counsel, a petitioner must satisfy the two-part test outlined by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 685–86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. 2052. In doing so, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052 (internal quotations and citations omitted). In effect, the petitioner must indicate "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, 104 S.Ct. 2052, and that the attorney "failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances," *Boria v. Keane,* 99 F.3d 492, 496 (2d Cir.1996) (citation omitted). In assessing counsel's performance, "the court must be 'highly deferential,' must 'consider[ ] all the circumstances,' must make 'every effort ... to eliminate the distorting effects of hindsight,' and must operate with a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Lindstadt v. Keane,* 239 F.3d 191, 199 (2d Cir.2001) (*quoting Strickland,* 466 U.S. at 688–89, 104 S.Ct. 2052). Second, a defendant must demonstrate actual prejudice to his case as a result of counsel's error. *See Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. The "prejudice" prong of *Strickland* focuses on the impact of counsel's performance on the overall reliability and fairness of the proceeding and not simply on whether the outcome is affected. *See Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

Day's claim of ineffective assistance of counsel—as far as this Court can tell—arises solely from his trial counsel's failure to preserve the issues that Day presented to the Appellate Division. The issues that required preservation were the propriety of the admission of expert testimony and the lack of a limiting instruction with respect to that testimony by the trial court.

■ However, setting aside the question of whether there was an error in either instance, the Court is not persuaded that petitioner has shown a reasonable probability that either admission of the expert testimony or the failure to request a limiting instruction affected the outcome of his trial. Many cases have allowed a law enforcement officer to testify as both a fact witness and an expert witness in a criminal trial in the state of New York. *See, e.g., Cummings v. Artuz,* 237 F.Supp.2d 475, 487 (S.D.N.Y.2002); *People v. Tevaha,* 204 A.D.2d 92, 611 N.Y.S.2d 179, 180 (App. Div. First Dep't 1994), *aff'd* 84 N.Y.2d 879, 620 N.Y.S.2d 786, 644 N.E.2d 1342 (1994). Furthermore, as there was ample evidence other than the expert testimony, such as the eyewitness testimony from the police surveillance that Day handed a bag containing numerous white objects to John Doe who subsequently placed the bag in the hole out of which crack cocaine was later sold, as well as the $862 of cash recovered from Day after his arrest, the Court agrees with the Appellate Division that the inference is inescapable that Day

was a participant in a drug operation. Here the analysis comes to an end, since actual prejudice is required for an ineffective assistance of counsel claim to survive.

In conclusion, Day cannot establish ineffective assistance of counsel or any other cause for the procedural default.

### 2. Fundamental Miscarriage of Justice

To show a fundamental miscarriage of justice, Day would need to submit compelling new evidence pointing to his actual innocence in order to open the door for this Court to review the merits of this claim. See *Speringo*, 202 F.Supp.2d at 189–90. However, Day simply does not supply any new evidence in his habeas petition to raise the implication of actual innocence by challenging the evidence presented to the trial court.

### 3. Conclusion

Because Day can neither show cause for his default nor demonstrate that failure to hear his claim will result in a fundamental miscarriage of justice, Day's petition does not meet the procedural requirements for granting his habeas corpus petition. Therefore, Day's petition must be denied.

### IV. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the petition of Petitioner Roy Day for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

As Day has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**