People v Simmonds (2019 NY Slip Op 06632)





People v Simmonds


2019 NY Slip Op 06632


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-05097
 (Ind. No. 1701/15)

[*1]The People of the State of New York, respondent,
v
Alderay Simmonds, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn and Anjali Biala of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Kayonia L. Whetstone, Kathryn E. Mullen, and Kathryn O'Neill of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered April 25, 2016, convicting him of robbery in the third degree and criminal possession of a stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's denial of the defendant's request to instruct the jury with respect to petit larceny as a lesser included offense of robbery in the second degree (see CPL 300.50; People v McBroom, 134 AD3d 476; People v Durden, 5 AD3d 333; People v Wedgeworth, 104 AD2d 915). There was no reasonable view of the evidence that would support a finding that the defendant retained the stolen property without the use of force (see People v McBroom, 134 AD3d 476; People v Durden, 5 AD3d 333; People v Wedgeworth, 104 AD2d 915).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a " mixed claim[ ]'" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109, quoting People v Evans, 16 NY3d 571, 575 n 2). Because the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for [*2]reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Barber, 133 AD3d 868, 872; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court